IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

EDWARD RIVERA and
LUCY RIVERA, h/w
4618 Pilling Street
Philadelphia, PA 19124,

        Plaintiffs

   vs.

YAHEE TECHNOLOGIES CORPORATION
1650 S. Balboa Avenue
Ontario, CA 91761

   and

SIF SERVICES, LLC
1800 South Archibald Avenue
Ontario, CA 91761

   and

BEST CHOICE PRODUCTS, INC.
17951 SKY PARK CIRCLE, SUITE B
Irvine, CA 92614

   and

ZIJAN ZOU
3917 Yellowstone Circle
Chino, CA 91710

        Defendants

CIVIL ACTION NO.


JURY TRIAL DEMANDED

## COMPLAINT – CIVIL ACTION

Plaintiffs, Edward Rivera and Lucy Rivera, by and through their counsel, Schultz Law, LLC, hereby demand judgment against Defendants, Yahee Technologies Corporation, SIF Services, LLC, Best Choice Products, Inc. and Zijan Zou, and in support thereof avers as follows:

## PARTIES

1.  Plaintiffs, Edward Rivera and Lucy Rivera, are husband and wife and adult citizens of the Commonwealth of Pennsylvania, residing at 4618 Pilling Street, Philadelphia, Pennsylvania 19124.

2.  Defendant Yahee Technologies Corporation ("Yahee"), upon information and belief, is a California corporation with its principal place of business located at 1650 S. Balboa Avenue, Ontario, California 91761.

3.  Defendant SIF Services, LLC ("SIF"), upon information and belief, is a California corporation and citizen with its principal place of business located at 1800 S. Archibald Avenue, Ontario, California 91761.

4.  Defendant Best Choice Products, Inc. ("Best Choice"), upon information and belief, is a California corporation and citizen with its principal place of business located at 17951 Sky Park Circle, Suite B, Irvine, CA 92614.

5.  Defendant Zijan Zou, upon information and belief, is an adult individual, and a citizen of the state of California and the owner of SIF Services, LLC, residing at 3917 Yellowstone Circle, Chino, California 91710.

## JURISDICTION

6.  This Court has jurisdiction over this case pursuant to diversity jurisdiction prescribed by 28 U.S.C. § 1332 because the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs and is between citizens of different states or countries.

## VENUE

7.  Venue is proper because events giving rise to the cause of action occurred in Philadelphia, Pennsylvania.

## GENERAL AVERMENTS

8.  At all times relevant hereto, Defendant Yahee Technologies Corporation, individually and through its officers, employees, servants and/or agents, was in the business of designing, manufacturing, testing, assembling, marketing, distributing and/or selling telescopic ladders, and did design, manufacture and market the 16.5 foot Aluminum Telescopic Ladder Telescoping A-Type Extension Multi-Purpose.

9.  Yahee has served the Pennsylvania market by continuously and regularly selling telescopic ladders in the state of Pennsylvania, including the subject telescopic ladder which was sold in Pennsylvania.

10. At all times relevant hereto, Defendant SIF Services, LLC., individually and through its officers, employees, servants and/or agents, was in the business of designing, manufacturing, testing, assembling, marketing, distributing and/or selling telescopic ladders, and did design, manufacture and market the 16.5 foot Aluminum Telescopic Ladder Telescoping A-Type Extension Multi-Purpose.

11. SIF does regular and continuous business in the state of Pennsylvania by selling and distributing telescopic ladders in the state, including the subject telescopic ladder which was sold in Pennsylvania.

12. At all times relevant hereto, Defendant Best Choice Products, Inc. individually and through its officers, employees, servants and/or agents, was in the business of distributing and/or selling ladders such as the subject telescopic ladder which was sold in Pennsylvania.

13. Best Choice does regular and continuous business in the state of Pennsylvania by selling and distributing telescopic ladders in the state, including the subject telescopic ladder.

14. At all times relevant hereto, Defendant Zijan Zou, individually and through his/her officers, employees, servants and/or agents, was in the business of distributing and/or selling ladders such as the subject telescopic ladder which was sold in Pennsylvania.

15. Zijan Zou does regular and continuous business in the state of Pennsylvania by selling and distributing telescopic ladders in the state, including the subject telescopic ladder.

16. Plaintiff Edward Rivera purchased a telescoping ladder on Ebay from Defendant's Best Choice and Zijan Zou, which has been previously manufactured and sold by Defendant's SIF and Yahee.

17. On or about January 9, 2016, Plaintiff Edward Rivera was severely injured when the 16.5 foot aluminum telescopic ladder manufactured and sold by Defendants catastrophically failed, causing him to fall several feet to the ground below.

18. As a direct and proximate result of the defect of the subject telescopic ladder, Plaintiff Edward Rivera suffered severe and permanent injuries to both of his arms.

19. As a direct and proximate result of the defect of the subject telescopic ladder, Plaintiff Edward Rivera suffered and will continue to suffer future pain, emotional distress, scarring and disfigurement, the loss of life's pleasures and enjoyment and the inability to engage in normal activities and pursuits.

20. As a direct and proximate result of the defect of the subject telescopic ladder, Plaintiff Edward Rivera suffered and will continue to suffer a loss of income and/or loss of earning capacity.

21. As a direct and proximate result of the defect of the subject telescopic ladder, Plaintiff

Edward Rivera incurred and will continue to incur future medical expenses.

<u>COUNT I - NEGLIGENCE</u>

22. Plaintiffs incorporate by reference the allegations contained in the foregoing paragraphs as though same were fully set forth at length herein.

23. Defendants acted negligently and carelessly by designing, manufacturing, assembling, distributing and/or selling a defective telescopic ladder.

24. Defendants acted negligently and carelessly in one or more of the following ways:

   (a) designing, manufacturing, assembling, distributing and/or selling a product with a defective and unreasonably dangerous design;

   (b) designing, manufacturing, assembling, distributing and/or selling a defective and unreasonably dangerous product which had insufficient structural strength to withstand normal use;

   (c) selling or otherwise distributing the product that caused an undue risk to Plaintiff Edward Rivera, which was foreseeable while using the product for its intended purpose, thereby creating unreasonably high risk of harm to the user;

   (d) selecting and incorporating materials in the ladder which did not have the strength to withstand the stresses of normal foreseeable use.

   (e) Otherwise failing to exercise due care under the circumstances.

25. As a direct and proximate result of the foregoing negligence and carelessness of Defendants, Plaintiff Edward Rivera was severely injured, for which he now seeks compensation from Defendants.

WHEREFORE, Plaintiffs demand judgment in their favor and against Defendants in an amount in excess of $75,000, plus interest, costs, delay damages, attorney fees and any and all other relief this Court deems appropriate.

## COUNT II - STRICT LIABILITY

26. Plaintiffs incorporate by reference the allegations contained in the foregoing paragraphs as though same were fully set forth at length herein.

27. Defendants designed, manufactured, assembled, distributed and sold the subject telescopic ladder in a defective and unreasonably dangerous condition.

28. The subject telescopic ladder did not have the proper design and materials to prevent Plaintiff Edward Rivera and other users from severe harm while using the ladder for its intended purpose.

29. The injuries sustained by Plaintiff Edward Rivera were proximately caused by and resulted from the acts and/or omissions of Defendants, for which they are strictly liable, as more fully set forth above.

30. Defendants' conduct in designing, manufacturing, assembling, distributing and/or selling the subject telescopic ladder was the factual, legal, substantial and proximate cause of the injuries and damages sustained by Plaintiff Edward Rivera, as more fully set forth above and incorporated herein by reference.

31. Defendants are strictly liable for the injuries and damages sustained by Plaintiff Edward Rivera, pursuant to Section 402A of the Restatement (Second) of Torts.

WHEREFORE, Plaintiffs demand judgment in their favor and against Defendants in an amount in excess of $75,000, plus interest, costs, delay damages, attorney fees and any and all other relief this Court deems appropriate.

## COUNT III – BREACH OF WARRANTY

32. Plaintiffs incorporate by reference the foregoing allegations as though same were fully set forth at length herein.

33. Defendants expressly and/or impliedly warranted that the subject telescopic ladder and its component parts were of merchantable quality, fit, safe and in proper condition for the ordinary use for which they were designed.

34. Plaintiff Edward Rivera, relied upon Defendants' skill, judgment and implied warranty of merchantability.

35. Defendants breached the above-mentioned express and/or implied warranties of merchantability and fitness for a particular purpose because the subject telescopic ladder was not reasonably designed for its intended use.

36. Defendants' breach of the express and/or implied warranties of merchantability and fitness for a particular purpose was the direct and proximate cause of Edward Rivera's injuries and damages.

## COUNT IV – LOSS OF CONSORTIUM

37. Plaintiffs incorporate by reference paragraphs 1 through 36 of their Complaint as if same were set forth fully herein.

38. At the time of the accident complained of in the plaintiffs' Complaint, the plaintiffs were married and the plaintiffs continue to be married.

39. As a result of the wrongful and negligent acts of the defendant, Lucy Rivera was caused to suffer, and will continue to suffer in the future, loss of consortium, loss of society, affection, assistance, and conjugal fellowship.

40. All of the aforesaid injuries and damages were caused solely and proximately by the

negligence of the defendant.

## JURY TRIAL

41. Plaintiffs hereby demand a trial by jury as to all issues identified in the above Complaint.

WHEREFORE, Plaintiffs demand judgment in their favor and against Defendants in an amount in excess of $75,000, plus interest, costs, delay damages, attorney fees and any and all other relief this Court deems appropriate.

Respectfully Submitted,

**SCHULTZ LAW, LLC**

BY: _____

Mark C. Schultz, Esquire
PA Attorney I.D. # 21650
161 Washington Street, Suite 400
Conshohocken, PA 19428
(610) 828-0700
*Attorney for Plaintiffs,*
*Edward Rivera and Lucy Rivera*

Dated: __7/5/2016__